UNITED STATES of America,
Plaintiff–Appellee,

v.

Victor Manuel ALCALA–NAVARRO,
a.k.a. Dr. Navarro, Defendant–
Appellant.

No. 01–50040, 01–50079, 01–50117.
D.C. No. CR–98–00503–MMM–05 CR–
98–00508–LGB CR–98–509–LGB.

United States Court of Appeals,
Ninth Circuit.

Submitted July 22, 2002 *.

Decided July 30, 2002.

Before BROWNING, KOZINSKI and
BERZON, Circuit Judges.

MEMORANDUM **

In this consolidated appeal, Victor Manuel Alcala–Navarro appeals his convictions and sentences for conspiracy to aid and abet the distribution of cocaine in violation of 21 U.S.C. § 846, money laundering in violation of 18 U.S.C. § 1956(a), and conspiracy to launder money in violation of 18 U.S.C. § 1956(h). We have jurisdiction under 18 U.S.C. § 3742, and we affirm.

First, Alcala–Navarro contends that his sentences must be vacated because 21 U.S.C. § 841 is facially unconstitutional under *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). This argument is foreclosed by *United States v. Buckland*, 289 F.3d 558, 562 (9th Cir.) (en banc), *cert. denied*, —— U.S. ——, 122 S.Ct. 2314, 152 L.Ed.2d 1067 (2002). Alternatively, Alcala–Navarro contends that §§ 841(b)(1)(A) and (B) are unconstitutional provisions because the judge's factual findings at sentencing were based on a preponderance of the evidence. This argument also fails under *Buckland*. *Id.* at 564–67.

Finally, Alcala–Navarro contends that the district court plainly erred in sentencing him above the default maximum sentence for a crime involving an indeterminate quantity because the indictment failed to allege any drug quantity. Upon review of the record, we conclude there is ample evidence that the conspiracy to which Alcala–Navarro pleaded guilty involved at least five kilograms of cocaine. *See United States v. Cotton*, —— U.S. ——, —— —— ——, 122 S.Ct. 1781, 1786–87, 152 L.Ed.2d 860 (2002) (holding indictment's failure to include any allegation regarding quantity of drugs involved in conspiracy does not seriously affect fairness, integrity, or public reputation of judicial proceedings when there is ample evidence in the record of drug quantity); *see also Buckland*, 289 F.3d at 571–72 (conceding that *Apprendi* error at sentencing did not affect substantial rights when there was reliable evidence of quantity in the record). We find no plain error; therefore, vacating Alcala–Navarro's sentence is not justified.

AFFIRMED.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.